Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| JOSÉ D. SANTIAGO TORRES  Demandante-Peticionario  V.  HOSPITAL DAMAS Y OTROS  Demandada-Recurrida | KLAN202300602 | *Apelación acogida como certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce  Caso Núm.: PO2018CV01870 (604)  Sobre: DAÑOS |
|---|---|---|

Panel integrado por su presidente, el Juez Figueroa Cabán, la Jueza Grana Martínez y el Juez Rodríguez Flores.

Grana Martínez, Jueza Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de julio de 2023.

### I

El peticionario José D. Santiago Torres, solicita que revisemos la denegatoria del Tribunal de Primera a reabrir el caso, debido a que la demanda se desestimó sin perjuicio en una sentencia final y firme.

Aclaramos que el recurso se presentó incorrectamente como una apelación. Sin embargo, es realmente un *certiorari*, porque el señor Santiago Torres solicita que revisemos una determinación post sentencia.

### II

Como es sabido la jurisdicción es la autoridad o el poder de los tribunales para atender y decidir un caso o controversia. Las cuestiones jurisdiccionales son privilegiadas. Por esa razón, deben resolverse con preferencia. *Metro Senior Development LLC v. Autoridad para el Financiamiento de la Vivienda,* 209 DPR 203, 208-209 (2022)*; Fuentes Bonilla v. ELA,* 200 DPR 364, 372 (2018). Los tribunales tienen la responsabilidad indelegable y ministerial

de examinar, en primera instancia, su propia jurisdicción. Igualmente están obligados a evaluar la jurisdicción del foro de donde procede el recurso ante su consideración. Los tribunales tienen que ser guardianes celosos de su jurisdicción. La falta de jurisdicción incide sobre el poder adjudicativo de los tribunales. *Metro Senior Development LLC v. Autoridad para el Financiamiento de la Vivienda, supra*; *Ruiz Camilo v. Trafon Group Inc.*, 200 DPR 254, 268 (2018).

La falta de jurisdicción trae consigo las consecuencias siguientes: (1) no es susceptible de ser subsanada, (2) las partes no pueden conferirla voluntariamente a un tribunal y este tampoco puede arrogársela, (3) la nulidad del dictamen emitido, (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción, (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso y (6) puede presentarse en cualquier etapa del procedimiento a instancia. *Metro Senior Development LLC v. Autoridad para el Financiamiento de la Vivienda, supra,* pág. 373. El tribunal que carece de autoridad para atender un recurso solo tiene facultad para así declararlo y desestimar el caso. *Lozada Sánchez et al v. JCA,* 184 DPR 898, 909(2020).

La Regla 83 C del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, permite a ese foro desestimar a iniciativa propia un recurso de apelación o denegar un auto discrecional por falta de jurisdicción.

### III

Aquí no existe jurisdicción, porque el peticionario solicita revisión sobre la misma determinación que pidió revisar en el KLCE202300697. Allí, al igual que aquí, cuestionó la denegatoria del TPI a reabrir el caso, porque la sentencia de desestimación sin

perjuicio que dictó el Tribunal de Apelaciones es final y firme. El señor Santiago alegó en ambos recursos que:

> El Tribunal falta a la Constitución y el debido proceso de ley, interpretando que una Sentencia en Apelación que el demandante, la acogió porque revocó una que le perjuicio, limita la acción del Tribunal a procesar, una moción que dio por recibida y ENTERADO desistiendo del desistimiento, y ahora dice que, por ser ya final y firme, la moción recibida de desistir no tiene validez, que si la hubiere declarado NO HA LUGAR SE HUBIERA ACTUADO DE OTRA FORMA DENTRO DE UN AÑO.

El señor Santiago Torres no tiene derecho a presentar un segundo recurso sobre la misma decisión que solicitó revisión en el KLCE202300697 y que desestimamos por falta de jurisdicción.

**IV**

Por lo antes expuesto, se desestima el recurso por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones